# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In Re: | ) | |
|  | ) | Chapter 13 |
| JAMES F. WHITTAKER, | ) | Case No.: 12-20385 |
|  | ) | |
| Debtor. | ) | |

**ORDER ON MOTION TO COMPEL FILED BY U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST.**

This matter came before the court on the motion of U.S. Bank Trust, N.A. ("U.S. Bank") seeking an order compelling James F. Whittaker to execute a certain quitclaim deed (Docket Entry ("D.E.") 93). Mr. Whittaker objects to the relief sought by U.S. Bank (D.E. 98). After reviewing the pleadings filed by the parties, the arguments presented at the hearing on the motion to compel held on August 20, 2019, and the information contained in the dockets of this case and the Massachusetts bankruptcy case of In re Maryrose Whittaker, (Case No.: 17-1267-FJB)[1], the court hereby grants the motion to compel as set forth below.

In 2004, Mr. Whittaker and his wife, Maryrose Whittaker, executed a note in the principal amount of $329,365.47 in favor of Household Finance Corporation II and secured their obligations under the note with a mortgage on real estate located on 246 Fiske Street in Holliston, Massachusetts (the "Property") in favor of Household Finance Corporation II. Eight or so years later, Mr. Whittaker filed this chapter 13 bankruptcy case and in January of 2013, his amended chapter 13 plan of reorganization (the "Plan") was finally confirmed (D.E. 59).

---

[1] A court may take judicial notice of items on its docket and of those on the docket of related cases. In re Montreal Maine & Atl. Ry., Ltd., 574 B.R. 381, 395 n. 16 (Bankr. D. Me. 2017), leave to appeal denied sub nom. Canadian Pac. Ry. Co. v. Keach, 2017 WL 4845733 (D. Me. Oct. 26, 2017).

Paragraph I B of that order treated the secured claim of Household Finance Corporation II (Claim No.: 6-1)[2] as follows:

> Debtor will surrender the Property upon final confirmation, or by order of court, whichever is sooner. The surrender will be in full satisfaction of the debt. Upon confirmation, Debtor will execute a quit claim deed to claimant, which upon delivery to Claimant shall vest ownership in claimant. (sic).

Over four years after final confirmation, Mr. Whittaker and Ms. Whittaker executed a quitclaim deed dated May 10, 2017 conveying the Property to Household Finance Corporation II. A copy of that deed is attached as Exhibit A to Ms. Whittaker's objection to U.S. Bank's motion to compel filed in her Massachusetts bankruptcy case (D.E. 85 in Case No.: 17- 12671-FJB).[3]    However, for reasons that have not been fully explained, U.S. Bank does not have possession of the original deed required for recording purposes and asks this court to compel Mr. Whittaker to execute a replacement deed which has already been signed by Ms. Whittaker (the "Replacement Deed"). U.S. Bank claims that granting its request will ensure compliance with the confirmation order and will resolve title issues that presently exist with the Property.

This court agrees. U.S. Bank seeks nothing more than what Mr. Whittaker proposed in his Plan and what was ordered by the court: Mr. Whittaker's surrender of the Property by conveying it by quitclaim deed. Mr. Whittaker's execution of the Replacement Deed will bring to an end the uncertainty surrounding title to the Property and will effectuate the intent of the Plan concerning the U.S. Bank claim.

---

[2] Household Finance Corporation II subsequently transferred its claim to U.S. Bank (D.E. 73).

[3] Ms. Whittaker filed her own chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Massachusetts (Case No.: 17-12671-FJB). In that case, U.S. Bank also filed a motion to compel the conveyance of the Property (D.E. 81 in Case No.: 17- 12671 (Bankr. D. Ma.). The Massachusetts Bankruptcy Court granted that motion on April 4, 2019, over Ms. Whittaker's objection, and ordered that she execute the Replacement Deed (D.E. 98 in Case No.: 17- 12671-FJB).

Therefore, the motion to compel is granted. U.S. Bank and Mr. Whittaker shall cooperate with each other to ensure the execution and delivery of the Replacement Deed to U.S. Bank's counsel by <u>September 13, 2019</u>.

Dated: August 23, 2019     /s/ Peter G. Cary
Peter G. Cary, Judge
United States Bankruptcy Court for the
District of Maine